# United States District Court
## For the District of South Carolina
## Florence Division

WILLIAM M. SCHMALFELDT, SR )
Woodbridge Suites )
220 Whitty Drive, Room 224 )
Myrtle Beach, SC 29579 )
(843) 429-0581 )
      Pro Se Plaintiff )
)
    -v- ) Case # **4:17-cv-01310-RBH-KDW**
)
)
PATRICK G. GRADY )
414 Gregory Ave, Apt. 1C )
Glendale Heights, IL 60139 )
)
and )
)
WILLIAM JOHN JOSEPH HOGE III )
20 Ridge Rd. )
Westminster, MD 21157 )
)
and )
) )
)
ERIC P. JOHNSON )
240 Boulton Ln. )
Paris, TN 38242 )
)
and )
)
SARAH PALMER )
501 Redd St. )
Reidsville, NC 27320 )
    *Defendants* )

**FIRST AMENDED COMPLAINT FOR A CIVIL CASE, JURY TRIAL DEMANDED**

RECEIVED USDC CLERK, FLORENCE, SC 2017 MAY 23 AM 11:18

## I.     Parties to This Complaint

1.      Plaintiff William M. Schmalfeldt, Sr., (Schmalfeldt) is a 62-year old former GS-13 Writer-Editor with the National Institutes of Health, in Bethesda, MD. He retired in 2011 due to advancing Parkinson's disease. A widower, Schmalfeldt lived in Elkridge, MD, when his wife died in 2015. He moved to Wisconsin that summer. In January 2017 he moved to Iowa. After forming a relationship with his fiancé, he moved to Myrtle Beach, SC, in April 2017.

2.      Defendant #1, Patrick G. Grady (Grady) is employed by a company known as Capgemini. Upon information and belief, he is in his early 30's. He has described himself online as a bipolar "functioning sociopath." Blogging and Tweeting under several different names, he became an acolyte of Defendant WJJ Hoge III and began doing the bidding of Hoge on information and belief out of some sense of misplaced fealty. He now blogs under the pseudonym "Paul Krendler" and his blog – which is a daily hate screed devoted to Schmalfeldt and his fiance (since she came into his life) – is called The Thinking Man's Zombie. (http://thinkingmanszombie.com) He is divorced and estranged from his ex-wife and son, a fact he blames on Schmalfeldt.

3.      Defendant #2, William John Joseph Hoge III is a 69-year old engineer employed as a contractor of some sort with the Goddard Space Center in Greenbelt, MD. He and his apparently developmentally disabled adult son, live in Westminster, MD. He is a widower, his wife dying on Valentine's Day 2017. Hoge spends most of his free time suing people. He is currently shepherding an unrelated lawsuit against Schmalfeldt and several other people in the Carroll County Circuit Court. He runs a blog called Hogewash (http://hogewash.com) which seems to be primarily devoted to bolstering his image as the leader of a personality cult by writing daily insults directed at Schmalfeldt and the other defendants in his lawsuit. He has tried

nearly 400 times to get Schmalfeldt convicted of misdemeanor crimes and has failed every time. He maintained a peace order against Schmalfeldt because Schmalfeldt did not remove the "@" symbol before Hoge's name when tweeting about him. Hoge has immortalized this fact with a character on his blog, "Johnny Atsign."

4. Defendant #3, Eric P. Johnson (Johnson), on information and belief lives alone in Paris. TN. His wife lives in Indonesia and he never writes about her. His daughters have all joined the military at early ages. Another Hoge acolyte, Johnson does not have his own blog but posts comments on several others, including the blogs of three of the four defendants in this case. Johnson took it upon himself to declare Schmalfeldt a "child pornographer" after listening to comedy routines recorded by Schmalfeldt that involved no children and no sex. Instead of keeping his opinion to himself, Johnson mounted a nearly successful campaign to have Schmalfeldt kicked out of his Wisconsin apartment by contacting the apartment manager and Cardinal Capital Management Board of Directors to warn them of the "child pornography" being produced in Schmalfeldt's apartment. This led to a police visit to Schmalfeldt's residence so the police could check Schmalfeldt's computer. Schmalfeldt has several books and comedy albums available on Amazon. Most bear a one-star rating from Johnson, warning potential readers, listeners about buying merchandise from a "child pornographer".

5. Defendant #4, Sarah Palmer (Palmer) is a middle-aged woman who abandoned her husband and daughter to move from California to North Carolina to live with an apparent drug user. She operates a blog called Billy Sez (http://billysez.wordpress.com) in which she applies her own defamatory takes on things Schmalfeldt has said and written. When Schmalfeldt insisted that she cease and desist from this misuse of his name for her own commercial benefit, she got a North Carolina no contact order against Schmalfeldt. She also obtained a no contact

order to protect her grandson as Schmalfeldt once posted a blurred, unidentifiable picture of the child on his blog.

## II. Basis for Jurisdiction and Venue

5.  This case involves a diversity jurisdiction as Plaintiff and Defendants live in different states. The plaintiff lives in South Carolina, Grady lives in Illinois, Hoge lives in Maryland,. Johnson lives in Tennessee and Palmer lives in North Carolina. The amount in controversy exceeds $75,000.

7.  Venue and subject matter jurisdiction are appropriate as demonstrated by the court in **HAWKINS v. BLAIR | 780 S.E.2d 515 (2015)** The trial court explained that a tort action is governed by the substantive law of the state where the tort was committed, i.e., where the injury occurred or where the last event making the tortfeasor liable occurred. The court concluded that the alleged injury would have been suffered in South Carolina, and that the appellee's "last acts" to make them liable also would have occurred in South Carolina. Thus, the court concluded that it would need to apply South Carolina tort law, *(See Id. at ¶3(e))* In each case, the "last acts" occurred after Schmalfeldt relocated to South Carolina.

### COUNT I
### Harassment and Cyberstalking
### (All Defendants)

8.  Plaintiff hereby incorporates by reference all paragraphs above.

9.  Harassment is generally defined as follows:

    **Harassment is governed by state laws, which vary by state, but is generally defined as a course of conduct which annoys, threatens, intimidates, alarms, or puts a person in fear of their safety. Harassment is unwanted, unwelcomed and uninvited behavior that demeans, threatens or offends the victim and results in a hostile environment for the victim. Harassing behavior may include, but is not limited to, epithets, derogatory comments or slurs and lewd propositions, assault, impeding or blocking movement, offensive touching or any physical interference with normal work or movement, and**

        visual insults, such as derogatory posters or cartoons. (See https://definitions.uslegal.com/h/harassment/)

10. "Cyberstalking" is generally defined as follows:

        **Online harassment, sometimes referred to as "cyberharassment," usually pertains to threatening or harassing emails, instant messages, or website entries. It is often repeated attempts to target a specific person by directly contacting them, or indirectly using or disseminating their personal information, causing them distress, fear, or anger. Cyberstalking involves using the Internet or other electronic means to stalk a victim, and generally refers to a pattern of threatening or malicious behaviors. To be considered cyberstalking, the behavior must pose a credible threat of harm to the victim. (See https://www.privacyrights.org/consumer-guides/online-harassment-cyberstalking)**

11. The examples of Defendant Grady's harassment and cyberstalking are too numerous for a limited brief. Therefore, Plaintiff will remark on a few of the more prominent examples. Defendant Grady has stalking down to a fine art. When Schmalfeldt left Maryland to move to Wisconsin, Grady informed his readers of Schmalfeldt's new location before Schmalfeldt even arrived. (**EXHIBIT A**).

12. When Schmalfeldt moved from Wisconsin to Iowa, Grady was the first to publish Schmalfeldt's new home address. (**EXHIBIT B**)

13. As of Schmalfeldt's moving to South Carolina, Grady has been blogging inaccurate, defamatory information about Schmalfeldt's fiancé. (**EXHIBIT C**)

14. Grady has been stealing copyrighted photos from Schmalfeldt and posting them on his blog with defamatory changes.

15. Defendant Hoge's blog is the central clearing house for all stalking and harassment of Schmalfeldt. He makes material misstatements about events in Schmalfeldt's life (https://hogewash.com/2017/05/16/prevarication-du-jour-152/, for example) and then allows his mostly anonymous readership to post all manner of false and defamatory commentary.

16. Hoge claims he is not responsible for the things his commenters say. But he also has a heavy moderating hand on his comments. Those who do not agree with his POV are not allowed through the gate. Therefore, one may assume comments that do appear are in line with Hoge's view of events.

17. Defendant Johnson's stalking has been in the arena of trying to get Schmalfeldt fired from part time employment and apartment residences. For a brief period this past spring Schmalfeldt took a part-time job at a radio station in Iowa. Johnson wrote to the station manager to "inform" him about Schmalfeldt's penchant for "child pornography" and his fondness for the act of "urinating on cub scouts."

18. Johnson also shared this info with the management of the Juniper Courts Apartments and the Board of Directors who manage the place for the Sisters of Saint Francis. **(EXHIBIT D)**

19. Schmalfeldt was hesitant to give his Iowa address to WJJ Hoge III for the reasons outlined above. After all, it was the harassment and stalking of Hoge et al that caused Schmalfeldt to move from Maryland, to Wisconsin, then to Iowa. When Schmalfeldt purchased a 1999 Ford Explorer in 2016, Grady illegally obtained Schmalfeldt's social security number, used it to illegally access Schmalfeldt's Wisconsin DOT records, illegally ascertained the license plate number of the vehicle, then – knowing the address – drove from the Chicago suburbs to the southern Milwaukee suburbs to photograph Schmalfeldt's car in the apartment parking lot, posting the photo on Grady's blog. **(EXHIBIT E)** But when Grady published Schmalfeldt's address on his blog, Schmalfeldt relented and sent the change of address form to the court via mail and to Hoge via e-mail. This was March 30, 2017. Grady lives about a two-hour drive from Schmalfeldt's Iowa address. On the morning of March 31, Schmalfeldt awoke to find the two

6

passenger-side tires on his car were stabbed in the sidewalls. Of the dozen or so cars parked on the street that night, Schmalfeldt was singled out for this vandalism.

## COUNT II
## Libel
## (All Defendants)

20.  Plaintiff hereby incorporates by reference all paragraphs above.

21.  The tort of libel is generally defined as follows:

Libel is a method of <u>defamation</u> expressed by print, writing, pictures, signs, effigies, or any communication embodied in physical form that is injurious to a person's reputation, exposes a person to public hatred, contempt or ridicule, or injures a person in his/her business or profession. (See https://www.law.cornell.edu/wex/libel)

22.  Defendant Grady's blog, written under the pseudonym Paul Krendler, is a three-year exercise in defamation. (**EXHIBIT F**)

23.  Hoge will occasionally delve into direct defamation, such as in November 2015 when he posted the following defamatory screed.

> **Bill Schmalfeldt is a deranged cyberstalker. He is a liar. He is someone who is untrustworthy, who fails to live up to his commitments or abide by agreements he has signed. He had the opportunity to make a clean start when he fled from Maryland to Wisconsin. He appears to have wasted that opportunity.**
> *https://hogewash.com/2015/11/16/reiterating-editorial-policy/*

24.  This is a false statement made with malicious intent. This plaintiff has never been diagnosed as "deranged" or been convicted for "cyberstalking." The former is a mental diagnosis intended to cast a person as a crazed lunatic, and the latter is a designation of law which, if true, would cast the Plaintiff in an unfavorable light. It is not true, therefore it is libelous.

25.  Schmalfeldt has several books and CDs for sale on Amazon.com. Johnson, under the name "Bluelake", has written 1-star reviews for most of them, labeling Schmalfeldt a child abuser, child pornographer and a dangerous, demented cyberstalker. (**EXHIBIT G**) He has also

7

made similar comments in the blogs of other defendants. (**EXHIBIT H**) These allegations are false statements made with malicious intent. This plaintiff has never been diagnosed as "demented" or been convicted for "cyberstalking." The plaintiff has never been legally accused or convicted for child abuse and child pornography, Therefore, these statements fall squarely into the category of libel.

26. Defendant Palmer has a stock in trade in the daily defamation of Schmalfeldt on her Billy Sez blog. She has been admonished to stop using my name and images for commercial purposes, but she continues to ignore the admonitions.

## BILLY SEZ – The William M. Schmalfeldt Feltdown Observer

"All that is necessary to discredit Bill Schmalfeldt, is to quote Bill Schmalfeldt"
–R. S. McCain



27. This blog consists entirely of Palmer scouring Schmalfeldt's Twitter feed and blogs, stealing images, and applying her own defamatory spin on the things written.

28. Palmer excuses her actions by stating she is only commenting on things she can prove Plaintiff said. The libel occurs, however, in her spin on Plaintiff's actual comments. (**EXHIBIT I**)

29. These blog postings amount to false statements made with malicious intent. The defendant cannot say she is merely quoting the defendant while twisting his words into meaning something she has created in her imagination. These false impressions tend to cast the Plaintiff

into a false light and harm his reputation. It is not a defense to point to a ruined reputation that you assisted in wrecking with malicious falsehoods and then declare, "See, he already has a bad reputation." Plaintiff's reputation was just fine before he ran afoul of this gang of WJJ Hoge cultists.

30. The actions of these defendants have caused Schmalfeldt to have to move three times. He lives in fear of his life and safety and damage to his property. His reputation is damaged beyond repair. Due to the extensive harm caused to Schmalfeldt by the harassment and stalking of these defendants he asks for $100,000 in actual damages and $500,000 in punitive damages from each of the five defendants.

## COUNT III
## Conspiracy
## (All Defendants)

31. Plaintiff hereby incorporates by reference all paragraphs above.

32. South Carolina defines conspiracy, in part:

> **The common law crime known as "conspiracy" is defined as a combination between two or more persons for the purpose of accomplishing an unlawful object or lawful object by unlawful means.**

33. The comment section on Hoge's blog contain hundreds of such conspiratorial messages designed to cause trouble for Schmalfeldt. The same is true with Palmer's blog and Grady's blog. (**EXHIBIT J**)

34. This cooperation between named and unnamed conspirators to do harm to Schmalfeldt prove the allegation of conspiracy. Due to the extensive harm caused to Plaintiff by the conspiratorial efforts of these defendants he asks for $100,000 in actual damages and $500,000 in punitive damages from each of the four named defendants.

## COUNT IV
## RECKLESS CONDUCT/WANTON AND WILLFUL MISCONDUCT

**(All Defendants)**

35.     Plaintiff hereby incorporates by reference all paragraphs above.

36.     Defendants Hoge, Grady and Palmer use their respective blogs to incite their readers' passion and hatred against Plaintiff. They do this by writing incendiary posts, knowing these posts will cause their comments to rant, rave, suggest and plan violent acts against Plaintiff.

37.     In a ruling that has direct implications on this case, a Federal Judge David Hale in Louisville ruled on March 31, 2017 that President Donald Trump could be sued for inciting violence by ordering his supporters to remove protesters from a rally. The Judge ruled that Trump should have been aware that this order to the crowd would be taken as a command and that "every person has a duty to every other person to use care to prevent foreseeable injury."

38.     Hoge and Grady and Palmer surely had to be aware that sharing Schmalfeldt's address and telephone number would lead their more unstable readers to take actions against Schmalfeldt, as such actions have been attempted in the past – the attempt to forge the Schmalfeldt's signature, the theft of Schmalfeldt's identity, the stalking of the Schmalfeldt's parking lot, the photograph of Defendant's car posted on Grady's blog, and many other examples.

39.     The Defendants were certainly aware of the passions being provoked by their blog postings and inflammatory comments. However, they disavow responsibility by asserting that they are merely engaging in First Amendment activity. Although the defendants have complete control over the comment section of their blogs – evidenced by the fact that only commenters who agree with the bloggers are allowed to post – they refuse to moderate even the most disgusting, heinous attacks against Plaintiff, leading their readers to call for actions to be taken against him, including physical harm and death. When people use the Internet to harm another

person, they cannot hide behind the First Amendment. Indeed, just a few weeks ago, a man was arrested after sending a direct message to national reporter Kurt Eichenwald which, when opened, contained an animated strobe light which caused the reporter to suffer a seizure because he was epileptic and sensitive to strobe lights. See https://www.nytimes.com/2017/03/17/technology/social-media-attack-that-set-off-a-seizure-leads-to-an-arrest.html The defendant knew that Mr. Eichenwald was epileptic. In fact, the message included with the attachment read, in effect, "You deserve a seizure." The defendant in that case believed he was protected by the First Amendment, but law enforcement officials and the courts determined that someone cannot use the Internet to cause harm to another person.

40.     Because this reckless conduct and wanton/willful misconduct has caused physical damage to Schmalfeldt's property, caused Schmalfeldt to move from Maryland to Wisconsin to Iowa then to South Carolina in the hopes of shaking these domestic terrorists and their terror tactics, because they have showed utter disregard for the health, welfare, safety of this plaintiff and little to no care for the damage and expense they have caused, Plaintiff asks for $500,000 from each defendant in actual damages and $1,000,000 in punitive damages from each defendant.

**PUNITIVE DAMAGES**

41.     The actions or omissions of Defendants as set forth in this Complaint demonstrate malice, egregious conduct, insult, and a perverse gratification from the harm caused to Plaintiffs. Such actions or omissions by Defendants were undertaken with either (1) maliciousness, spite, ill will, vengeance or deliberate intent to harm Plaintiff, or (2) reckless disregard of the profound wrongfulness of their actions or omissions, and their harmful effects on Plaintiff. Accordingly, Plaintiff request an award for punitive damages beyond and in excess of those damages

necessary to compensate Plaintiff for injuries resulting from Defendants' conduct and to serve as a deterrent for anyone else contemplating the same sort of activity in the future.

## PRAYER FOR RELIEF

**WHEREFORE**: Plaintiff prays for judgment against all defendants as follows:

1. Nominal and general damages as asked for in each count;

2. Punitive damages as asked for in each count;

3. A permanent no contact order to be issued to each defendant;

4. A permanent injunction against defendants against further defamation, retaliation, and from using Plaintiff's name, image or likeness without his permission;

5. For the recovery of Plaintiff's full costs and expenses in bringing this suit as provided in 17 USC § 505;

6. In the event this court deems this matter not suitable for determination or judgment, an order that these charges be referred to the proper state or federal law enforcement agencies for criminal prosecution; and

7. For such additional and further relief, in law and equity, as the court may deem just and proper.

## JURY DEMAND

Plaintiffs hereby requests a jury trial on all issues raised in this complaint.

Respectfully submitted this 22nd day of May, 2017 _/s/ William M. Schmalfeldt_
William M. Schmalfeldt, Sr., Pro Se
Woodspring Suites
220 Whitty Drive, Room 224
Myrtle Beach, SC 29579
843-429-0581
broadwaybill947@outlook.com