UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| William M. Schmalfeldt, Sr., | ) | C/A No. 4:17-cv-01310-RBH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | (partial summary dismissal) |
| | ) | |
| Patrick G. Grady; | ) | |
| William John Joseph Hoge, III; | ) | |
| Eric P. Johnson, and | ) | |
| Sarah Palmer, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed by William M. Schmalfeldt, Sr., a pro se litigant proceeding *in forma pauperis* ("Plaintiff"). Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court.

I.  Factual Background

Plaintiff, a South Carolina resident, brings suit against four persons, each of whom resides in a different state, for problems he has allegedly been experiencing as the result of Defendants' internet activities. Plaintiff asserts that Defendants, both jointly and separately, have used cyberstalking behavior against him and that they harassed and libeled him. Plaintiff seeks damages and injunctive relief.

II.  Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se First Amended Complaint pursuant to the procedural provisions of 28 U.S.C. §

1915.[1] The review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The First Amended Complaint in this case was filed under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe pro se pleadings, *Estelle v. Gamble*, 429 U.S. at 97, holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980). The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a pleading to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990). Even under

---

[1] On May 19, 2017, Plaintiff filed this case by submitting a Complaint. ECF No. 1. Before initial review was conducted on that pleading, on May 23, 2017, Plaintiff filed a "First Amended Complaint." ECF No. 8. The First Amended Complaint is now the operative pleading and it is the document upon which initial review was conducted.

this less stringent standard, however, the pro se First Amended Complaint under review in this case is subject to partial summary dismissal.

III.    Discussion

Plaintiff's Amended Complaint includes several counts against all Defendants. ECF No. 8. Count I of Plaintiff's Amended Complaint should be dismissed because it seeks civil relief for alleged cyberstalking or harassment. As this is a case within this court's diversity jurisdiction and Plaintiff does not rest his claims on any federal law, the tort law of South Carolina governs Plaintiff's claims. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Limbach Co., LLC v. Zurich Am. Ins. Co*., 396 F.3d 358, 361 (4th Cir. 2005; *McHugh v. Carlton*, 369 F. Supp. 1271, 1279-80 (D.S.C. 1974). South Carolina has criminal statutes prohibiting stalking and harassment, S.C. Code §§ 16-3-1700, 16-3-1710, but those statutes do not provide a private right of civil action. *See, e.g., Nelson v. Sci. Applications Int'l Corp.*, No. 2:11-cv-2928-PMD, 2013 WL 764664, at *10 (Feb. 7, 2013), *report and recommendation adopted*, 2013 WL 754834 (D.S.C. Feb. 27, 2013) (citing *Ray v. Bowers*, No. 08-cv-3512, 2009 WL 4893209, at * 5 (D.S.C. Dec. 17, 2009) (claims of stalking and harassment dismissed because "§ 16-3-1700 is a criminal statute and does not provide a private civil remedy."); *White v. Stacher*, No. 05-cv-1737, 2006 WL 1207857, at * 6 (D.S.C. May 1, 2006) (finding no civil action for stalking)). In light of the authority cited, Plaintiff fails to state a plausible claim for cyberstalking or harassment and Count I of his Amended Complaint should be dismissed.

IV.    Recommendation

Accordingly, it is recommended that the district court partially dismiss the Amended Complaint in this case *without prejudice* to the extent that it seeks relief for alleged cyberstalking or harassment under Count I. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also*

*Neitzke v. Williams*, 490 U.S. at 324-25.

    IT IS SO RECOMMENDED.

June 30, 2017                                               Kaymani D. West
Florence, South Carolina                       United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).