# United States District Court
## For the District of South Carolina
### Florence Division

WILLIAM M. SCHMALFELDT, SR )
    *Pro Se Plaintiff* )
)
-v- )    Case # 4:17-cv-01310-RBH-KDW
)
PATRICK G. GRADY, et al )
    *(Defendants)* )
)

## MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

**NOW COMES** Plaintiff William M. Schmalfeldt, Sr., to move this court to grant leave to file a Second Amended Complaint in the above-captioned case.

### LEGAL STANDARD

Federal Rule of Civil Procedure 15 governs the amending and supplementing of complaints. Rule 15(d) provides that a party may, with leave of the court, "serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Rule 15(a) permits a party to amend a pleading "with the opposing party's written consent or the court's leave." "Motions to amend under Rule 15(a) and motions to supplement under Rule 15(d) are subject to the same standard." See, e.g., *Wildearth Guardians v. Kempthorne*, 592 F. Supp. 2d 18, 23 (D.D.C. 2008).

> **"The court should freely give leave [to amend or supplement] when justice so requires."** *Fed. R. Civ. P. 15(a)(2);* see also *Wildearth Guardians*, **592 F. Supp. 2d at 23** ("The decision whether to grant leave to amend or supplement a complaint is within the discretion of the district court, but leave 'should be freely given unless there is good reason . . . to the contrary'" (quoting *Willoughby v. Potomac Elec. Power Co.,* **100 F.3d 999, 1003 (D.C. Cir. 1996)**). "[T]he non-movant bears the burden of persuasion that a motion to amend should be denied," and absent a "sufficient reason," "it is an abuse of . . . discretion to deny a motion to amend." *Nichols v. Greater Se. Cmty. Hosp.,* **No. 03-cv-2081 (JDB), 2005 WL 975643, at \*1 (D.D.C. Apr. 22, 2005).** "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure

to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' *Foman v. Davis, 371 U.S. 178, 182 (1962)*; accord *Armstrong v. Bush*, 807 F. Supp. 816, 818-19 (D.D.C. 1992) (Rule 15 "has been liberally construed to allow amendments in the absence of undue delay or undue prejudice to the opposing party").

No sufficient reason to deny leave is present here.

Since filing his first Amended Complaint, several things have changed. For one, the Report and Recommendation of the Federal Magistrate Judge removed Count I from the complaint. That count has been removed in the proposed Second Amended Complaint. In addition, Plaintiff has supplemented his argument for Personal Jurisdiction based on actions of the defendants made apparent since the filing of the First Amended Complaint. And Plaintiff has added another count to the complaint based on events taking place over the past few weeks.

As none of the defendants has filed a reply or dispositive motion as of this date, Plaintiff has not served a copy of this request to any of the current non-parties to this action.

**WHEREFORE**, for the reasons stated above, Plaintiff prays the honorable court grant his Motion for Leave to File a Second Amended Complaint (Attachment 1) with a redlined-version of the complaint (Attachment 2) and a proposed order granting the motion to be signed by the Judge.

Respectfully Submitted this 17th Day of July 2017

William M. Schmalfeldt, Sr.

### CERTIFICATE OF SERVICE

I Certify that on the 17th day of July 2017, I served copies of the above on the following persons. Louis D. Nettles, Esq., attorney of record for defendant WJJ Hoge III, by e-mail and pro se defendants Patrick Grady, Sarah Palmer and Eric P. Johnson, by first class mail.

William M. Schmalfeldt, Sr., Pro Se

## AFFIDAVIT

I, William M. Schmalfeldt, Sr., solemnly affirm under the penalties of perjury that the contents of the foregoing paper are true to the best of my knowledge, information, and belief.

Dated July 17, 2017                                    William M. Schmalfeldt, Sr.