UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| William M. Schmalfeldt, Sr., | ) | C/A No. 4:17-cv-01310-RBH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| | ) | |
| Patrick G. Grady; | ) | |
| William John Joseph Hoge, III; | ) | |
| Eric P. Johnson; | ) | |
| Sarah Palmer; | ) | |
| John Doe; | ) | |
| Peter Poe; | ) | |
| Randy Roe; | ) | |
| Jane Doe; | ) | |
| Polly Poe, and | ) | |
| Rhonda Roe, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

    This is a civil action filed by a pro se litigant proceeding *in forma pauperis*. Under Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. Plaintiff has submitted a Motion to Amend his First Amended Complaint. ECF No. 27. The proposed Second Amended Complaint names additional parties as Defendants and makes substantial changes in the allegations contained in the First Amended Complaint. The First Amended Complaint had been authorized for service on the four original Defendants (Grady, Hoge, Johnson, and Palmer) on June 30, 2017. ECF No. 18. As of the date of this Order, only one of those Defendants, John Hoge III, has appeared through counsel in this case. ECF No. 24. Insofar as the court can determine, service is still outstanding on the remaining three original Defendants.

    The court notes Plaintiff's Motion does not include any certificate of service indicating service of the Motion to Amend on those Defendants who have not yet appeared through counsel. Plaintiff is admonished that this failure to provide a certificate of service on such Defendants violates express directives in the court's June 30, 2017 Order authorizing service of the First Amended Complaint. *See* ECF No. 18 ("[P]rior to Defendants' attorney making an appearance in this court, Plaintiff must serve Defendants with any documents Plaintiff files subsequent to the initial pleading and file a certificate of service that states who was served, what document was served, and how the document was served."). Plaintiff is cautioned that any future filings by him prior to counsel having appeared for all Defendants requires a certificate of service showing that he served the documents on those Defendants who have not appeared through counsel. In the future, *if a document is presented for filing without the required certificate of service, the Clerk of Court will not accept the incomplete document or file it*.

    Because Plaintiff's Motion and the attached pleading represent Plaintiff's first attempt to amend his pleading after service was ordered and process issued, Plaintiff's Motion to Amend is

granted as a matter of course. Fed. R. Civ. P. 15(a)(1). Plaintiff is cautioned that any subsequent attempt to amend his pleading may only be accomplished through a Motion and that Defendants will have the right to respond and oppose.

Plaintiff's Motion to Amend, ECF No. 27, is **granted**. Plaintiff should note, however, that the Second Amended Complaint is not yet in proper form for service. See additional directions below.

TO THE CLERK OF COURT:

The Clerk of Court is directed to docket the pleading found at ECF No. 27-1 as Plaintiff's Second Amended Complaint. The Clerk of Court is directed to list the parties on the docket as they are listed in the caption of this Order. The Clerk of Court is directed to add John Doe; Peter Poe; Randy Roe; Jane Doe; Polly Poe, and Rhonda Roe as Defendants in this case.

The United States Marshal has already been directed to serve the First Amended Complaint on the four Defendants named in that pleading. Counsel for Defendant Hoge, who has already appeared through counsel, will receive service of the Second Amended Complaint through ECF when this Order and the Second Amended Complaint are entered. For Defendants Grady, Johnson, and Palmer, the Second Amended Complaint will be served upon those Defendants at the time counsel appears for them. When counsel for those Defendants makes an initial appearance in this case, the Clerk of Court is directed to regenerate and send the Notice of Electronic Filing ("NEF") that was created upon the filing of the Second Amended Complaint to counsel for such Defendants. By doing do, service of the Second Amended Complaint on the Defendants is accomplished by serving counsel through the ECF system as stated in District of South Carolina, Electronic Case Filing Policies & Procedures § 11.2.1(a) (2006).

If any Defendant remains unrepresented as of **September 18, 2017**, the Clerk of Court shall notify the assigned magistrate judge, who will then consider whether to issue an order directing service of the Second Amended Complaint on the unrepresented Defendant(s) by the United States Marshal.

Until such time as all Defendants have appeared in this case, the Clerk of Court shall not accept and file any document from Plaintiff that does not contain a certificate of service showing that Plaintiff served the document on the Defendants who have not appeared in the case.

TO PLAINTIFF:

In light of your filing a Second Amended Complaint adding additional Defendants, this case is no longer in proper form. **If you do not bring this case into proper form within the time permitted by this Order, this case may be dismissed for failure to prosecute and failure to comply with an order of this court under Rule 41 of the Federal Rules of Civil Procedure.**

Under General Order, *In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants*, No. 3:07-mc-5015-JFA (D.S.C. Sept. 18, 2007), the undersigned is giving Plaintiff ***twenty-one (21) days*** from the date this Order is entered (plus three days for mail time) to:

    1) Complete one summons form that lists every new Defendant named the Second Amended Complaint: John Doe; Peter Poe; Randy Roe; Jane Doe; Polly Poe, and

Rhonda Roe. In the space following "TO: (Defendant's name and address)," You are required to provide complete name and a full address where Defendants can be served pursuant to Rule 4 of the Federal Rules of Civil Procedure. Your complete name and full address must be provided in the blank section following "plaintiff or plaintiff's attorney, whose name and address are." Handwritten information must be printed and legible. **Nothing else should be written by you on either the front or back of the summons or in the margins**.

You name as Defendants "John Doe; Peter Poe; Randy Roe; Jane Doe; Polly Poe, and Rhonda Roe," all generic names for what appear to be several un-named and un-identified persons. Although a litigant may bring suit against an unknown person, the Second Amended Complaint fails to provide specific information to identify any particular incidents involving the unknown persons, and, thus, possibly providing identifying information. Similarly, a summons or USM-285 containing only generic and/or collective "names" rather than the name of a specific "person" does not provide sufficient information for the United States Marshal to serve the Second Amended Complaint on the unnamed Defendant. Plaintiff must provide, and is responsible for, information sufficient to identify Defendants on the Forms USM-285. The United States Marshal cannot serve a defendant who is not properly identified, and defendants who are not served may be dismissed as parties to this case. *See* Fed. R. Civ. P. Rule 4. One blank summons form is attached for your use.

2) Complete, sign, and return a Form USM-285 for each newly added Defendant listed in this case (John Doe; Peter Poe; Randy Roe; Jane Doe; Polly Poe, and Rhonda Roe). **Only one Defendant's name and street address should appear on each form**. Defendant's name and **street** address should be placed in the spaces preceded by the words "SERVE AT." Your name and address should be placed in the space designated "SEND NOTICE OF SERVICE COPY TO . . .", and you should sign where the form requests "Signature of Attorney or other Originator . . . ." You must provide Defendant's complete **street** address on the form (not a post office box address). You must provide, and are responsible for, information sufficient to identify Defendants on the Forms USM-285. The United States Marshal cannot serve an improperly identified defendant, and unserved defendants may be dismissed as parties to a case. Six blank forms are attached for your use.

IT IS SO ORDERED.

*Kaymani D. West*

July 20, 2017                                                                 Kaymani D. West
Florence, South Carolina                                               United States Magistrate Judge

3