UNITED STATES DISTRICT COURT

For the District of South Carolina

Florence Division

| William M. Schmalfeldt, Sr | ) | 4:17-cv-01310 RBH-KDW |
| --- | --- | --- |
| Plaintiff | ) | |
| v. | ) | |
| | ) | I.   MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICITION |
| Patrick G. Grady, William John Joseph Hoge, III, Eric P. Johnson And Sarah Palmer, | ) | II.  MOTION TO STRIKE |
| | ) | III. MOTION TO MAKE MORE DEFINITE |
| Defendants | ) | IV.  MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED |

The Defendants Grady, Hoge, Johnson and Palmer each move before this Court as follows:

I. **Motion to Dismiss for Lack of Personal Jurisdiction**

Each of these Defendants move to dismiss this complaint as to them for lack of personal jurisdiction. Each of these Defendants is a non-resident of South Carolina and none have been served within the State of South Carolina. Each of them contend that the exercise of personal jurisdiction over them in South Carolina would deprive them of Due Process of the Law.

1

Plaintiff has failed to plead conduct which creates a substantial connection with the South Carolina.

II.     **Motion to Strike Rule 12 (f) FRCP**

The Defendants move to strike the following

a.      From Paragraph 2 of the Complaint the words "He has described himself online as a bipolar "functioning sociopath.' " and the words "He is divorced and estranged from his ex-wife and son, a fact he blames on Schmalfeldt".

b.      From Paragraph 3 of the Complaint the words "He is a widower, his wife dying on Thanksgiving Day, 2016.'"

c.      From Paragraph 4 of the Complaint the words "His wife lives in. Indonesia and he never writes about her. His daughters have all joined the military at early ages" and  "Johnson mounted a nearly successful campaign to have Schmalfeldt kicked out of his Wisconsin apartment by contacting the apartment manager and Cardinal Capital Management Board of Directors to warn them of the "child pornography" being produced in Schmalfeldt apartment. This led to a police visit to Schmalfeldt's residence so the police could check Schmalfeldt's computer"

d.     From Paragraph 5 of the Complaint the words "who abandoned her husband and daughter to move from California to North Carolina" and the words "seeking her and her grandson's Restraining Order against Plaintiff,"

e.     From Paragraph 9 of the Complaint the words

> "Because of the many years of libelous publications, including directives to "Google Bill Schmalfeldt," it is understandable that South Carolina landlords would refuse to rent an apartment to the Plaintiff Thus, due in large part to the libelous and reckless activities of the Defendants, South Carolina landlords have been deprived of the income they would make from a law-abiding renter. Thus aiming their blogs and comments at South Carolina landlords, all four defendants have purposefully availed themselves with South Carolina contacts and have caused harm to forum state residents other than the Plaintiff and his future wife."

f.     Paragraph 10 of the Complaint.

g.     From Paragraph 13 and 14 of the Complaint the words

> "Hoge will occasionally delve into direct defamation, such as in November 2015 when he posted the following defamatory screed. Bill Schmalfeldt is a deranged cyberstalker. He is a liar. He is someone who is untrustworthy, who fails to live up to-his commitments. or abide by agreements he has signed. He had the opportunity to make a clean start when he fled from Maryland to Wisconsin. He appears to have wasted that opportunity. http://hogewash.com/2015/11/16/reiterating-editorial-policy/
>
> 14.     This is a false statement made with malicious intent. This plaintiff has never been diagnosed as "deranged" or been convicted for "cyberstalking." The former is a mental diagnosis intended to cast a person as a crazed lunatic, and the latter is a designation of law which, if true, would cast the Plaintiff in an unfavorable light It is not true, therefore it is libelous."

h.     Paragraph 21 of the Complaint.

i.  Paragraph 25 of the Complaint

k.  Paragraph 31 of the Complaint

III. **Motion for a More Definite Statement Rule 12 (e)**

These Defendant move for an order requiring Plaintiff to make the Complaint More Definite in the following respects.

a.  Plaintiff, who moved to South Carolina in April 2017, (Complaint paragraph 1) relies on the harm to him in South Carolina as a basis for long arm jurisdiction. To properly respond these Defendants, need to know the time and place of actions alleged in the complaint occurred.[1] These Defendants request that the Plaintiff be required to give dates and places for the allegations in Paragraphs 4, 5, 9, 15, 16, 19, 23, 28, 30, and 39. Without this information these Defendants and the Court cannot properly determine the application of the South Carolina Long-Arm Statute to this Complaint.

b.  These Defendants also move to have the Complaint made more definite by setting forth the actual defamatory statements, along with the name of the publisher of the statement. and the date of the first publication of the statements. Plaintiff appears to be trying to make a claim for libel in Count I of the Complaint. Defendants cannot properly respond to the

---

[1] Rule 9 (f) FRCP Time and Place. An allegation of time or place is material when testing the sufficiency of a pleading.

4

Complaint without knowing what words he is claiming as libeling him, the author of the publication and the date of publication.

## IV. Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted

a.     Count I Each of these Defendants move to dismiss Count I because it fails to allege a libel of Plaintiff while he was a resident of South Carolina.

b.     Count II Each of these Defendants move to dismiss Count II because the Complaint does not allege any damages from the conspiracy. (Complaint Paragraph 23)[2]

c.     Count III Each of these Defendants move to dismiss Count III because the Complaint fails to allege any legal damage to Plaintiff while a resident of South Carolina. (Complaint Paragraph 30)

d.     Count IV Defendant Palmer moves to dismiss Count IV because the Complaint fails to allege a willful act in the use of the process that is not proper in the regular conduct of the proceeding.

Respectfully submitted,

                                              s/Louis D. Nettles
Louis D. Nettles
PO Box 6139
Florence SC 29602
843-665-0100

---

[2] *Todd v. South Carolina Farm Bureau Mut. Ins. Co.*, 276 S.C. 284, 278 S.E.2d 607 (S.C., 1981)

Bar No. 2521
louis@folkenslaw.com

August 3 , 2017