UNITED STATES DISTRICT COURT

For the District of South Carolina

Florence Division

| | | |
|---|---|---|
| William M. Schmalfeldt, Sr | ) | 4:17-cv-01310 RBH-KDW |
| | ) | |
| Plaintiff | ) | |
| | ) | MEMORANDUM IN |
| v. | ) | SUPPORT OF |
| | ) | I. MOTION TO DISMISS FOR |
| Patrick G. Grady, William John | ) | LACK OF PERSONAL |
| Joseph Hoge, III, Eric P. Johnson | ) | JURISDICITION |
| And Sarah Palmer, | ) | II. MOTION TO STRIKE |
| | ) | III. MOTION TO MAKE |
| | ) | MORE DEFINITE |
| | ) | MOTION TO DISMISS FOR |
| Defendants | ) | IV. FAILURE TO STATE A CLAIM |
| | ) | UPON WHICH RELIEF CAN |
| | ) | BE GRANTED |

1.      **Summary of the Nature of the Case.**

This case is on its face a claim for libel by a pro se plaintiff against

four non-residents.  It is in fact a Strategic Lawsuit Against Public

Participation (SLAPP)  suit. A SLAPP suit is a lawsuit intended to censor,

intimidate, and silence critics by burdening them with the cost of a legal

defense until they abandon their criticism or opposition.[1] These Defendants

ask the Court to pay particular attention to these motions to prevent the

---

[1] Northon *v. Rule*, 637 F.3d 937 (9th Cir., 2011) *Satkar Hospitality, Inc. v. Fox Television Holdings*, 767 F.3d 701 (7th Cir., 2014)

injustice occasioned by the nature of the suit. The motions in their scope

are more than would be expected in a suit these Defendants considered to

be brought in good faith. Courts often criticize lawyers for not availing

themselves of the full power of the Federal Rule of Civil Procedure to tame

unruly pleadings.[2]

The dispute of which this lawsuit arises has generated much litigation

and this suit is but a tiny fraction of the litigation. The plaintiff and two of

the defendants were involved in a claim arising out of the same transactions

and occurrences in the Eastern District of Wisconsin. That suit captioned

William M. Schmalfeldt v. Eric P. Johnson, Sarah Palmer and John and

Jane Does, 15-CV-1516 was dismissed for lack personal jurisdiction on July

1, 2016. The order of dismissal in attached as Exhibit 1.

The complaint in that action (Exhibit 2)  gives clues about Plaintiff's

motivation.  Paragraph 7 reads as follows:

> Plaintiff is involved in a long-standing dispute with several members
> of what he believes to be a cult of right wing bloggers. This cult first
> took notice of Plaintiff when he wrote a series of freelance stories
> about how the cult was working day and night to put a man who had
> done his time for serious crimes more than 30 years ago back in jail
> by inventing reasons, debunked by law enforcement, to interfere with
> his post-prison career choice as founder of a group dedicated to social
> justice and voter education

---

[2] "Defense attorneys, of course, are not helpless in the face of shotgun pleadings—even though, inexplicably, they often behave as though they are. A defendant served with a shotgun complaint should move the district court to dismiss the complaint pursuant to Rule 12(b)(6)[3] or for a more definite statement pursuant to Rule 12(e)[4] on the ground that the complaint provides it with insufficient notice to enable it to file an answer." *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117 (11th Cir., 2014)

This can be parsed to mean that the Plaintiff in involved in a online political debate he joined in support of Brett Kimberlin. Mr. Kimberlin is known as the Speedway Bomber due to his conviction for series of bombing in Speedway Indiana in 1978.  Kimberlin is also infamous for his accusations he made in 1989 (while in Federal Prison) that he sold marijuana to Dan Quayle. Mr. Kimberlin was released from Federal custody in 2001.  Mr. Kimberlin was the subject of "Everyone Blog About Brett Kimberlin Day" on May 25, 2012, and it would seem that Plaintiff was incensed by the exposure Mr. Kimberlin's criminal history and Mr. Kimberlin's post release activities received.

Both Mr. Schmalfeldt's and Mr. Hoge's names appear in the filing for Kimberlin v. Frey 8:13cv-03059-GJH in the United States District Court for the District of Maryland. Mr. Hoge was originally named as a Defendant in that case and Mr. Schmalfeldt appeared as an "interested party" on February 18, 2014.  Mr. Hoge was dismissed from that case by order dated March 17, 2015[3]

Many States have Anti-SLAPP statues allowing for special procedures when Defendants file motions to have putative SLAPP suits dismissed. South Carolina is not one of those jurisdictions. Counsel for these

---

[3] 8:13-cv-03059-GJH Document 263 USDC District of Maryland

defendants would argue that the venerable rules of Civil Procedure provide adequate tools for the Court to determine if this is in fact a SLAPP suit without prejudicing any legitimate claims Plaintiff may have. That conviction by counsel is what has led to what on first blush would appear a stringent and prolix invocation of the Rules of Civil Procedure. It is counsel's firm belief that eventually this action will be dismissed for lack of jurisdiction or failure to state a claim and whether that will be in Document No. 408 as in the Maryland litigation referenced above or Document No. 47 as in the Wisconsin litigation depends on the Court's inclination to use the Rules to accomplish prompt justice and economy of judicial resources.

At first blush, the invocation of Motions to Make More Certain and Motions to Strike would appear as an attempt to increase the cost and complexity of[ln1] this litigation[4] and in a case brought in good faith that might well be true. But if this is truly a SLAPP suit, the process is the punishment and the Defendant has a very strong incentive to simplify matters to minimize litigation costs. In this case these motions if granted would have the effect of testing whether or not the contention that is a SLAPP suit is correct.

---

[4] Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" Founders Ins. Co. v. Hamilton (D.S.C., 2015) Civil Action No. 5:15-cv-00408-JMC

## 2. Statement of the Facts

This motion is based on the Complaint.

## 3. Argument

## I. Motion to Dismiss for Lack of Personal Jurisdiction

Each of these Defendants move to dismiss this complaint as to them

for lack of personal jurisdiction. Each of these Defendants is a non-resident

of South Carolina and none have been served within the State of South

Carolina. Each of them contend that the exercise of personal jurisdiction

over them in South Carolina would deprive them of Due Process of the Law.

Plaintiff has failed to plead conduct which creates a substantial connection

with South Carolina.  Absolutely nothing in the Complaint would support

general jurisdiction over these Defendant and there is no conduct by the

Defendant that would support specific jurisdiction.  *Walden v. Fiore*, 134 S.

Ct. 1115, 188 L. Ed. 2d 12, 82 USLW 4097 (2014) This Court has set forth

the elements of specific jurisdiction in *Addy's Harbor Dodge v. Global*

*Vehicles U.S.A., Inc. (*D.S.C., 2014)

> the Fourth Circuit has explained that "[a] defendant's actions that are
> directed at the forum state in only 'a random, fortuitous, or
> attenuated way' are insufficient to support jurisdiction." Id. (quoting
> ESAB Group, Inc. v. Centricut, Inc., 126 F.3d 617, 625 (4th Cir.
> 1997)). Moreover, with regard to the second prong, the arising out of
> analysis, the Supreme Court has held that the relationship "must arise
> out of contacts that the 'defendant himself" creates with the forum
> State." *Walden*, 134 S. Ct. at 1122 (quoting *Burger King Corp. v.*

*Rudzewicz,* 471 U.S. 462, 475 (1985)). Additionally, the "'minimum contacts' analysis looks to the defendant's contact with the forum State itself, not the defendant's contacts with persons who reside there." Id. Finally, for the third prong, the constitutional reasonableness analysis, the Fourth Circuit has explained that this "protects a party from 'litigation so gravely difficult and inconvenient that [the] party unfairly is at a severe disadvantage in comparison to [its] opponent.'" *Zurich Ins.,* 685 F.3d at 392 (quoting Burger King, 471 U.S. at 478) (internal quotation marks omitted).

The Complaint is devoid of any actions by any of these Defendants purposefully targeting South Carolina or any actionable acts occurring while the Plaintiff was resident in South Carolina. *Young v. New Haven Advocate,* 315 F.3d 256 (4th Cir., 2002) *Planet Aid, Inc. v. Reveal* (D. Md., 2017)


II Motion to Strike

a.    The requests to strike items a through d are items that are

immaterial, impertinent, or scandalous.


"'Immaterial' matter is that which has no essential or important relationship to the claim for relief, and 'impertinent' material consists of statements that do not pertain to, and are not necessary to resolve, the disputed issues." *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.,* 402 F.Supp.2d 434, 437 (S.D.N.Y. 2005) (citing *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993)). "Scandalous" includes allegations that cast a cruelly derogatory light on a party to other persons. *See Skadegaard v. Farrell,* 578 F.Supp. 1209, 1221 (D.N.J. 1984). "The granting of a motion to strike scandalous matter is aimed, in part, at avoiding prejudice to a party

6

by preventing a jury from seeing the offensive matter or giving the allegations any other unnecessary notoriety inasmuch as, once filed, pleadings generally are public documents and become generally available." Wright & Miller 5C Fed. Prac. & Proc. Civ. § 1382 (3d ed. 2011).

*CTH 1 Caregiver v. Owens* (D.S.C., 2012)

These Defendants would submit that these references to their family relationships have no possible relevance to this litigation and are both immaterial and scandalous.

b.    The requests to strike e and  g are matters that long preceded Plaintiff's move to South Carolina and are therefore immaterial to any claim that can be made in this  court.

c.    Request to strike f, h, i, and k should be struck as shotgun pleading. The rote repleading of all previous allegations is contrary to Rule 10 (b) and (c) and make it difficult to respond. The most common kind of shotgun pleading is a complaint containing multiple counts where each count adopts the allegations of all proceeding counts *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313 (11th Cir., 2015) The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.  Courts have encouraged attorneys and the courts to employ the

7

power of the Federal Rules when faced with such pleadings.[5]  The court

should strike these rote incorporations or require the Plaintiff specifically

list paragraphs germane to each cause of action.

III.    **Motion for a More Definite Statement Rule 12 (e)**

These Defendants move for an order requiring Plaintiff to make the

Complaint More Definite in the following respects.

a.    Plaintiff, who moved to South Carolina in April 2017, (Complaint

paragraph 1) relies on the harm to him in South Carolina as a basis for long

arm jurisdiction.  To properly respond these Defendants, need to know the

time and place of actions alleged in the complaint occurred.[6] These

Defendants request that the Plaintiff be required to give dates and places

for the allegations in Paragraphs 4, 5, 9, 15, 16,19, 23, 28, 30, and 39.

Without this information these Defendants and the Court cannot properly

---

[5]      Defense attorneys, of course, are not helpless in the face of shotgun pleadings—even though, inexplicably, they often behave as though they are. A defendant served with a shotgun complaint should move the district court to dismiss the complaint pursuant to Rule 12(b)(6)3 or for a more definite statement pursuant to Rule 12(e)4 on the ground that the complaint *Paylor v. Hartford Fire Ins. Co*., 748 F.3d 1117 (11th Cir., 2014)
      While plaintiffs have the responsibility of drafting complaints, defendants are not without a duty of their own in this area. We have said that a defendant faced with a shotgun pleading should "move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement." *Anderson*, 77 F.3d at 366. But we have also advised that when a defendant fails to do so, the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead. See *Wagner v. First Horizon Pharm. Corp*., 464 F.3d 1273, 1280 (11th Cir.2006)  *Weiland v. Palm Beach Cnty. Sheriff's Office,* 792 F.3d 1313 (11th Cir., 2015) footnote 10
[6] Rule 9 (f) FRCP  Time and Place. An allegation of time or place is material when testing the sufficiency of a pleading.

determine the application of the South Carolina Long-Arm Statute to this Complaint.

b.      These Defendants also move to have the Complaint made more definite by setting forth the actual defamatory statements, along with the name of the publisher of the statement. and the date of the first publication of the statements. Plaintiff appears to be trying to make a claim for libel in Count I of the Complaint. Defendants cannot properly respond to the Complaint without knowing what words he is claiming as libeling him, the author of the publication and the date of publication.  Without this Defendant cannot properly assess the application of the Section 230 of the Communications Decency Act, the First Amendment, or the First Publication rule.

## IV.  Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted

a.      Count I Each of these Defendants move to dismiss Count I because it fails to allege a libel of Plaintiff while he was a resident of South Carolina.

b.      Count II Each of these Defendants move to dismiss Count II because the Complaint does not allege any damages from the conspiracy. (Complaint Paragraph 23)[7]

---

[7] *Todd v. South Carolina Farm Bureau Mut. Ins. Co.*, 276 S.C. 284, 278 S.E.2d 607 (S.C., 1981)

c.      Count III Each of these Defendants move to dismiss Count III

because the Complaint fails to allege any legal damage to Plaintiff while a

resident of South Carolina. (Complaint Paragraph 30)

d.      Count IV Defendant Palmer moves to dismiss Count IV because the

Complaint fails to allege a willful act in the use of the process that is not

proper in the regular conduct of the proceeding[8]. Such a willful act is an

essential element of an Abuse of Process claim. *Hainer v. American

Medical Intern., Inc.*, 492 S.E.2d 103, 328 S.C. 128 (S.C., 1997) *Russell v.

Risher*, 249 S.E.2d 908, 272 S.C. 182 (S.C., 1978) *Food Lion v. United Food

& Commercial Workers International Union*, 351 S.C. 65, 567 S.E.2d 251

(S.C. App., 2002)

        Respectfully submitted,

                                                    s/Louis D. Nettles
                                            Louis D. Nettles
                                            PO Box 6139
                                            Florence SC 29602
                                            843-665-0100
                                            Bar No. 2521
                                            louis@folkenslaw.com

August 3, 2017

---

[8] The underlying action was decided unfavorably to the Plaintiff so he may not pursue a malicious prosecution claim. *Ruff v. Eckerds Drugs, Inc.*, 265 S.C. 563, 220 S.E.2d 649 (S.C., 1975)