# United States District Court
## For the District of South Carolina
### Florence Division

| | |
|---|---|
| William M. Schmalfeldt, Sr. ) | |
| ) | |
| Pro Se Plaintiff ) | |
| ) | |
| -v- ) | Case # 4:17-cv-01310-RBH-KDW |
| ) | |
| Patrick G. Grady, William John ) | |
| Joseph Hoge III, Eric P Johnson, ) | |
| and Sarah Palmer ) | |
| *(Defendants)* ) | |
| ) | |

**PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, DEFENDANTS' MOTION TO STRIKE, DEFENDANTS' MOTION TO MAKE MORE DEFINITE AND DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED**

Plaintiff Schmalfeldt hereby submits his opposition to Defendants' above-captioned motions (ECF 45) before this Court as follows.

**I. This Court Has Specific Personal Jurisdiction Over the Defendants.**

While is is true that each of these defendants is a non-resident of South Carolina and none have been served within the state of South Carolina, their actions in the instant case subject them to specific personal jurisdiction in South Carolina. This would not deprive the defendants of Due Process of the Law. In fact, denying Specific Personal Jurisdiction would also deny Plaintiff his last, best opportunity to seek justice for the years of abuse he has had heaped upon him by these Defendants and would require him to either drop his quest to end this abuse, or to be forced to try again in either Maryland, Illinois, Tennessee or North Carolina where he would face similar jurisdictional issues for the Defendants not living in the chosen forum state. Plaintiff has pleaded

conduct which creates a substantial connection with South Carolina. *(See accompanying Memorandum of Law.)*

**II. There is No Compelling Reason to Strike Any Portion of Plaintiff's Second Amended Complaint Due to Rule 12(f) of the Federal Rules of Civil Procedure.**

The Court should dismiss the Motion to Strike for the following reasons:

a. Defendant Grady admitted to Plaintiff via an online post that he is a functioning sociopath. In fact, Grady wrote about his disorder in a blog post. **(Exhibit A)** The estrangement and divorce of his wife occurred approximately the same date Palatine, Illinois, police reportedly spoke to Grady regarding his harassing and defamatory activities, a fact that may have been unknown to his wife. It is not beyond the scope of reasonability to believe these facts, placed into motion by Plaintiff, were the reason for the estrangement and divorce, a fact which Grady would naturally blame the Plaintiff.

b. There is nothing scandalous about revealing the fact that Defendant Hoge is a widower and that his wife died on Thanksgiving Day, 2016.

c. Defendant Johnson has written in the past about his wife living in Indonesia. He rarely mentions her in his writing. It is a fact that his daughters joined the military at early ages. It is an established fact, as a witness will verify at trial, that Johnson mounted a nearly successful campaign to have Plaintiff kicked out of his Wisconsin apartment by contacting the property manager and the Cardinal Capital Management Board of Directors to label Plaintiff as a child pornographer, leading to a visit from the Saint Francis, Wisconsin, police during which they checked Plaintiff's computer for the alleged and non-existent child pornography. This is relevant because it establishes a connection between Johnson's previous actions and his affect on Plaintiff in South Carolina and property managers considering providing rental space to Plaintiff and his fiancé.

2

d. Defendant Palmer did, based on conversations with her ex-husband, abandon her family to move from California to North Carolina to take up residence with a man to whom she was not married. It is a settled fact that Palmer did seek and receive a restraining order against Plaintiff to "protect" herself and her grandson from the 62-year old, disabled Plaintiff.

e. The Defendants give no rationale for striking Paragraph 9 of the complaint. The paragraph explains how the Court can establish that Defendants can be subjected to Specific Personal Jurisdiction in South Carolina. The purpose of a complaint is to outline the reason the Plaintiff seeks relief from the Defendants, and Paragraph 9 goes a long way to explain that rationale.

f. The Defendants give no reason for asking the Court to strike Paragraph 10 of the SAC.

g. Paragraph 13 and 14 are accurate and verifiable descriptions of how Defendant Hoge engaged in personal defamation in the past against Plaintiff.

h. The Defendants give no reason for asking the Court to strike Paragraph 21 of the SAC.

i. The Defendants give no reason for asking the Court to strike Paragraph 25 of the SAC.

j. The Defendants give no reason for asking the Court to strike Paragraph 31 of the SAC.

**III. The Defendants Are Attempting to Throw Cold Water on Plaintiff's Argument for Specific Personal Jurisdiction by Focusing on Allegations Made for Actions Taken Against Plaintiff Before He Moved to South Carolina in April 2017**

a. As the allegations mentioned in Paragraphs 4 and 5 are on the SAC to establish a pattern of conduct, several of the allegations which the Defendants seek a more definitive statement to relate to activities occurring before Plaintiff moved to South Carolina.

1. In Paragraph 9 of the SAC, Plaintiff alleges "(a)ll four defendants have

remarked on Plaintiff's difficulty in finding a permanent residence since moving to South Carolina in April 2017." On July 8, 2017, Defendant Hoge wrote:[1]

> **Thus, the Cabin Boy™ had just searched *Hogewash!* and had seen for himself that I have never published anything about him as a tenant. Yet, he recklessly published that false tweet any way (sp). That was very unwise.**
>
> **It would also be unwise for any litigant in a civil matter to move without immediately informing the court(s) involved of his change of address.**
>
> **UPDATE—I suppose Schmalfeldt's question deserves an answer. Hypothetically, it would not be OK for someone to be denied a lease because of lies someone had told about him. However, I don't believe that is what has happened to Bill Schmalfeldt.**

On July 18, in the comment section of Defendant Hoge's blog:

> **(Anonymous Blogger) I enjoy that a DUMBFUCK seems to be suing on behalf of South Carolina landlords. I enjoy that a lot.**
>
> **(Defendant Palmer aka "Ashterah") IKR???? *gigglesnort* (IKR means, "I know, right?)**[2]

On July 18, on a blog by Marvin J. Rodriguez, Defendant Grady wrote:[3]

> **Well, after I email-blasted EVERY LANDLORD INTHE ENTIRE STATE OF SOUTH CAROLINA (no, really – there's a list) and reminded them that STEP 1 of any background check is RUN A CREDIT REPORT on any prospective tenant, that general advice has apparently guaranteed that a guy with two moves in 6 months and a pending lawsuit in Maryland is going to get the brush off.**

On July 8, on Defendant Hoge's blog, Defendant Grady wrote:[4]

---

[1] https://hogewash.com/2017/07/08/prevarication-du-jour-155/
[2] https://hogewash.com/2017/07/18/im-not-making-this-up-you-know-164/
[3] https://sonoranconservative.com/2017/07/18/help-me-i-need-a-medic/comment-page-1/
[4] https://hogewash.com/2017/07/08/team-kimberlin-post-of-the-day-1577/

> Wait, you mean landlords don't like renting their property to any disheveled, nutshuffling two-steps-from-homeless-three-to-the-grave stews (bu)ms who stumble in off the street with neither job nor prospects of finding one?

On July 10, Defendant Johnson, aka "buspassoffice" wrote on Defendant Hoge's blog:[5]

> **Idiot still can't read, don't worry affidavits, discovery, will be from the mother, forcing you to read your ugly sexual harassment of children in court including the ugly comment you made about your own daughter**
>
> **But you have a hearing Friday and a show cause with incarceration recommendations hearing loooong before anything will go one in your rule 11 suit.**
>
> **Then it's welcome to Tennessee**

On June 28, 2017, Defendant Johnson wrote on Defendant Hoge's blog:[6]

> **The Scat in the Hat**
> **Said to his missing fat sow**
> **I'm going to sue a judge**
> **I'll show you how**
> **By faking a condition**
> **He must obey me**
> **Or he'll face the wrath**
> **Of an average manatee**
> **I'll take him to court**
> **The court of my mind**
> **And in that place**
> **He will surely be mine**
> **This bench judge pest**
> **Has Sorely vexed me**
> **He will regret**
> **As he watches me flee**

On July 25, Patrick Grady wrote in Defendant Palmer's blog:[7]

> **No, what's really good is that this is what he does on the internet to people who disagree with him, who point at him, laugh at him and mock him…**

---

[5] https://hogewash.com/2017/07/09/team-kimberlin-post-of-the-day-1578/
[6] https://hogewash.com/2017/06/28/team-kimberlin-post-of-the-day-1567/
[7] https://billysez.wordpress.com/2017/07/25/proving-the-point-2/

> **…and then he wonders why no landlord in South Carolina will rent an apartment to him.**
>
> **He just doesn't seem to present himself as an attractive tenant. And that's even before the background check reveals that he is seeking his third rental home in less than a year (fifth total if you toss in the transient flophouses).**

2. Paragraphs 15, 16, 19, 23, 28 and 30 have less to do with establishing Specific Personal Jurisdiction in South Carolina than they do with establishing a pattern of conduct leading to the Defendants' tortious acts after Plaintiff moved to South Carolina.

3. When Plaintiff's case is presented to a jury, not only will the jury hear about the harm they have caused to Plaintiff by their specific, manifestly intended targeting of their defamatory comments to the forum state, Plaintiff plans to introduce evidence of defamation and other alleged torts going back to late 2015. All this Court needs to do is take a look at any of the three mentioned blogs and the comments inserted after each post to see the scurrilous and scandalous accusations made against the Plaintiff, not only since his move to South Carolina, but before.

4. There are other potential defendants who may well be permissively joined to this suit as it progresses, if it is allowed to progress as justice demands.

**IV. Are the Defendants saying the US District Court for the District of South Carolina Cannot Grant Relief to a Plaintiff Alleging Libel, Conspiracy, Reckless Conduct/Wanton Misconduct and Abuse of Process?**

a. Upon closer inspection, the Defendants will see allegations of libel per se against the Plaintiff after he moved to South Carolina. They can be found in the Exhibits. They can be found in Paragraph 9 in the Second Amended Complaint. More will be offered during Discovery and during the Trial.

b. Regarding Plaintiff's allegations of conspiracy, a review of the South Carolina Supreme Court's ruling in *Pye v. Fox*, 369 S.C. 555, 633 S.E.2d 505 (2006) might be instructive. (*See accompanying Memorandum of Law.*)

c. Regarding Count III, the damage caused by Defendants' to Plaintiff's online reputation continues to this day. (*See accompanying Memorandum of Law.*)

d. Regarding Count IV, Defendant Palmer must have missed Paragraph 38 in the SAC which alleges:

> **The restraining order process was not designed to permit a vindictive petitioner to use ulterior motives to gain such a powerful order against another person just because she doesn't want to answer a question about whether or not she lied about her place of residence. This is an abuse of process for which Palmer must be held accountable.**

## V. Conclusion

Under 28 USC § 1915(e)(2)(B), the Magistrate Judge is tasked in the filing of her Report and Recommendation to ensure that the action is not frivolous, does not fail to make a claim on which relief can be granted, and does not seek monetary relief against a defendant that is immune from such relief. Plaintiff overcame that hurdle with the Magistrate Judge's ruling in her Report and Recommendation allowing the *pro se* Plaintiff's case to proceed. Having already ruled, in effect, that the complaint does not fail to make a claim upon which relief can be granted and determining that the action is not frivolous, Plaintiff will address the questions of Specific Personal Jurisdiction along with the specific rationale for a finding in Plaintiff's favor in the remaining four counts in the accompanying Memorandum of Law.

WHEREFORE Plaintiff for the above reasons Plaintiff respectfully prays that the honorable Court DENY the Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, the

Defendants' Motion to Stroke, the Defendants' Motion to Make More Definite and the Defendants' Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted.

Respectfully submitted this 7th day of August, 2017

William M. Schmalfeldt, Sr., Pro Se
WoodSpring Suites
220 Whitty Drive, Room 121
Myrtle Beach, SC 29579
843-429-0581
truthatory@outlook.com

## AFFIDAVIT

I, William M. Schmalfeldt, Sr., solemnly affirm under the penalties of perjury that the contents of the foregoing paper are true to the best of my knowledge, information, and belief.

Dated August 7, 2017

William M. Schmalfeldt, Sr.