UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William M. Schmalfeldt, Sr., ) | C/A No. 4:17-cv-01310-RBH-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Patrick G. Grady; William John Joseph ) | |
| Hoge, III; Eric P. Johnson; and Sarah ) | |
| Palmer, ) | |
| ) | |
| Defendants. ) | |
| ) | |

William M. Schmalfeldt, Sr. ("Plaintiff"), proceeding pro se, brought this civil action pursuant to diversity jurisdiction, alleging claims against four persons who are residents of South Carolina for libel, conspiracy, reckless conduct/wanton and willful misconduct, and abuse of process. This matter is before the court on Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, Motion to Strike the Amended Complaint, Motion for a More Definite Statement, and Motion to Dismiss for Failure to State a Claim upon which Relief Can be Granted, all filed on August 3, 2017. All four Motions are included in the same document and the same Memorandum in Support addresses all four Motions. ECF Nos. 45, 45-1. Plaintiff responded to Defendants' Motions on August 9, 2017, ECF Nos. 46, 46-2. The court entered a *Roseboro* Order[1] on August 16, 2017, advising Plaintiff of the importance of such motions and of the need for him to file an adequate response. ECF No. 50. Defendants did not file a reply. Defendants' Motions are now ripe for consideration. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule

---

[1] The court entered a "*Roseboro* order" in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring that the court provide explanation of dismissal/summary judgment procedures to pro se litigants).

73.02(B)(2)(e) (D.S.C.). Because Defendants' Motions to Dismiss are dispositive, a Report and Recommendation is entered for the court's review.[2]

I.     Factual and Procedural Background

    A.     Facts

The operative Second Amended Complaint, ECF No. 32, and the docket of this case shows that Plaintiff currently resides in Myrtle Beach, South Carolina. The four Defendants reside in four different states: Defendant Grady resides in Illinois, Defendant Hoge resides in Maryland, Defendant Johnson resides in Tennessee, and Defendant Palmer resides in North Carolina. *Id*. No Defendant was served with process in South Carolina, all four Defendants are represented by the same attorney, and all join in the pending Motions filed by that attorney. Plaintiff alleges that his pleading is brought under diversity jurisdiction and asserts several causes of action: libel, conspiracy, reckless conduct/wanton and willful misconduct, and abuse of process. Plaintiff alleges that this court can exercise personal jurisdiction over these out-of-state residents because they committed a tort in this state, *i.e*., the alleged libel that he sues for under his pleading, and because they "aim their blogs and online comments toward South Carolina." *Id*. at 6. According to Plaintiff, Defendants have remarked online about his difficulty in finding housing in South Carolina and their many years of negative comments/statements about him have created a Google presence that has made it "understandable that South Carolina landlords would refuse to rent an apartment to the Plaintiff." *Id*. at 7. Plaintiff does not explicitly say that he was denied housing directly because of Defendants' online activities, but he does state that "[v]arious applications made by Plaintiff to various apartment complexes have been rejected or outright ignored due to a

---

[2] The Motions to Strike and For More Definite Statement are non-dispositive motions that may be ruled on by order from this magistrate judge. In light of the recommendation made in this Report, those Motions are moot and will not be discussed herein.

well-discussed tendency among property renters to do a 'Google Check' on the name of the prospective tenant." *Id*.

Plaintiff's claims are based on facts showing that Plaintiff and all Defendants have had longstanding and ongoing negative interactions with each other, since at least 2015 and before Plaintiff moved to South Carolina, on internet blogs and in the comments on such blogs. According to Plaintiff, these negative interactions have followed him through residential moves from Maryland in 2015 to Wisconsin to Iowa in early 2017 and now to South Carolina. *Id*. at 3. According to Plaintiff, Defendants use words such as "deranged" and "cyberstalker" to falsely describe Plaintiff and have falsely labeled him a child abuser and child pornographer. *Id*. at 8. According to Plaintiff, some of Defendants' comments have incited "their more unstable readers to take action" against him such as calls for physical harm and death and has caused him to move from Maryland, to Wisconsin, to Iowa, and now to South Carolina. *Id*. at 11-12. Finally, Plaintiff asserts that Defendant Palmer abused process in North Carolina when she obtained a restraining order against Plaintiff. *Id*. at 12-13. Plaintiff seeks nominal, general, and punitive damages and injunctive relief, plus suit costs and expenses. *Id*. at 14.

B.     Motions to Dismiss

In their Motions to Dismiss, Defendants assert that this court cannot exercise personal jurisdiction over them because to do so would not comport with due process. Defendants contend that Plaintiff cannot show that any of them have "a substantial connection with South Carolina," ECF No. 45 at 1, or that any of them purposefully targeted this state through any of their activities. ECF No. 45-1 at 6. Defendants also contend that the Second Amended Complaint fails to state a claim on which relief can be granted because Plaintiff fails to allege libel that occurred while he

3

was in South Carolina, fails to allege damages under Counts II and III, and fails to allege improper use of process under Count IV. *Id.* at 5.

Plaintiff responds that this court should exercise specific personal jurisdiction over Defendants because they committed a tort (libel) in whole or in part in the State of South Carolina. ECF No. 46-2 at 5; *see* S.C. Code Ann. § 36 2 803(A)(3).[3] He argues that Defendants made defamatory statements about him on several internet blogs and aimed their comments at landlords in South Carolina in an effort to "make it difficult" for him to find housing in this State. ECF No. 46-2 at 5. In his Response to Defendants' Motion, Plaintiff quotes from several June and July 2017 internet posts from Defendants relating to his housing situation and refers to part of his Second Amended Complaint where he appears to be "suing on behalf of South Carolina landlords." ECF No. 46 at 4-6. He asserts that these postings show that Defendants intended to harm him in South Carolina and, thus, they purposely availed themselves of the privilege of conducting activities in South Carolina, providing sufficient minimum contacts with the State to satisfy due process. *Id.* at 6. With regard to Defendants' Motion to Dismiss for Failure to State a Claim on Which Relief can be Granted, Plaintiff responds that this court's initial review of his pleading settled that issue in his favor and argues that his Second Amended Complaint clearly sets out damages and alleges that Defendant Palmer used process in North Carolina with an improper motive. *Id.* at 7; ECF No. 46-2 at 8-11.

II.    Standard of Review

---

[3] S.C. Code § 36-2-803 (A)(3) provides:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agency as to a cause of action arising from the person's:
>     . . . .
>     (3) commission of a tortious act in whole or in part in this State[.]

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In construing a motion to dismiss, the facts, though not the legal conclusions, alleged in a plaintiff's pro se complaint must be taken as true. *Loe v. Armistead*, 582 F.2d 1291, 1292 (4th Cir. 1978); *Iqbal*, 556 U.S. 662. A pro se complaint should survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim only when a plaintiff has set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level" and beyond the level that is merely conceivable. *Id.* at 555. A pro se complaint should be liberally construed. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, a court is not required "to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or a legal conclusion unsupported by factual allegations. *Iqbal*, 556 U.S. at 679. Dismissal is appropriate when a complaint contains a description of underlying facts that fails to state a viable claim. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Twombly*, 550 U.S. at 558.

When a court's personal jurisdiction is challenged, the burden is on the plaintiff to establish that a ground for jurisdiction exists. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). When the court resolves the motion on written submissions (as opposed to an evidentiary hearing), the plaintiff need only make a "prima facie showing of a sufficient jurisdictional basis." *Id.* However, the plaintiff's showing must be based on specific facts set forth in the record. *Magic Toyota, Inc. v. Se. Toyota Distribs., Inc.*, 784 F. Supp. 306, 310 (D.S.C. 1992). The court may consider the parties' pleadings, affidavits, and other supporting documents but must construe them "in the light most favorable to plaintiff, drawing all inferences and resolving all factual disputes in his favor,

5

and assuming plaintiff's credibility." *Sonoco Prods. Co. v. ACE INA Ins.*, 877 F. Supp. 2d 398, 404-05 (D.S.C. 2012) (internal quotation and alteration marks omitted); *see also Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003) ("In deciding whether the plaintiff has made the requisite showing, the court must take all disputed facts and reasonable inferences in favor of the plaintiff"). However, a court considering the issue of personal jurisdiction "need not credit conclusory allegations or draw farfetched inferences." *Sonoco*, 877 F. Supp. 2d at 205 (internal quotation marks omitted).

III.    Discussion

To meet his burden, Plaintiff must show (1) that South Carolina's long-arm statute authorizes jurisdiction, and (2) that the exercise of personal jurisdiction complies with the constitutional due-process requirements. *E.g., Christian Sci. Bd. of Dirs. of First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001). South Carolina has interpreted its long-arm statute to extend to the constitutional limits of due process. *See S. Plastics Co. v. S. Commerce Bank*, 423 S.E.2d 128, 130-31 (S.C. 1992). Thus, the first step is collapsed into the second, and the only inquiry before the court is whether the due-process requirements are met, *i.e.*, whether the defendant has "minimum contacts" with the forum state. *See, e.g.*, *ESAB Group, Inc. v. Centricut, LLC*, 34 F. Supp. 2d 323, 328 (D.S.C. 1999); *Sonoco Prods. Co. v. Inteplast Corp.*, 867 F. Supp. 352, 352 (D.S.C. 1994). The dual jurisdictional requirements merge into a single inquiry as to whether a defendant has sufficient "minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). This standard can be met in two ways: "by finding specific jurisdiction based on conduct connected to the suit or by finding general jurisdiction." *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293

6

F.3d 707, 711-12 (4th Cir. 2002) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)). To determine whether specific jurisdiction exists, the court considers "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiff's claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *Carefirst of Md.*, 334 F.3d at 397 (citing *ALS Scan,* 293 F.3d at 711-12; *Helicopteros Nacionales de Colombia*, 466 U.S. at 414 & n.8). In other words, the defendant must have "minimum contacts" with the forum, *see Burger King v. Rudzewicz*, 471 U.S. 462, 471-76 (1985), the cause of action must arise from those contacts, and the exercise of personal jurisdiction must be reasonable. "Minimum contacts" and "reasonableness" are not independent requirements; rather, they are aspects of the requirement of due process, and thus "considerations sometimes serve to establish the reasonableness of jurisdiction upon a lesser showing of minimum contacts than would otherwise be required." *Burger King*, 471 U.S. at 477. District Courts are not required to engage in speculative inferences from conclusory facts proposed to support personal jurisdiction. *See, e.g., Haley Paint Co. v. E. I. Dupont De Nemours & Co.*, 775 F. Supp. 2d 790, 799 (D. Md. 2011) (applying general pleading rules to jurisdictional facts; conclusory assertions of conspiracy and alter ego insufficient to establish personal jurisdiction). Notably, "mere injury to a forum resident is not a sufficient connection to the forum. Regardless of where a plaintiff lives or works, an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State." *Walden v. Fiore*, 134 S. Ct. 1115, 1125 (2014). As the *Walden* Court held for determining whether the exercise of personal jurisdiction comports with the Due Process Clause, "minimum contacts analysis looks to the nonresident defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id*. at 1122.

Despite Plaintiff's assertions to the contrary, Defendants' statements in blog posts and comments to others' blog posts, most of which contain disparaging references to Plaintiff, do not satisfy Plaintiff's burden of proof on the issue of specific personal jurisdiction. The controlling consideration is Defendants' contacts with the forum state itself, not the alleged injury to the plaintiff.[4] Thus, Plaintiff's assertion that his case satisfies the South Carolina long-arm statute because Defendants allegedly committed a tort in this state is not determinative. Plaintiff still must satisfy the requirements for due process, which include the following considerations, (1) the extent to which Defendants have purposefully availed themselves of the privilege of conducting activities in the state; (2) whether Plaintiff's claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable.

In an effort to address these considerations, Plaintiff cites to seven posts that he argues show that this court may exercise personal jurisdiction over Defendants. ECF No. 46 at 4-6. The post relied on by Plaintiff that comes closest to a South Carolina connection is the one post allegedly by Defendant Grady wherein he claims to have "e-mailed-blasted every landlord in the entire state of South Carolina . . . and reminded them the Step 1 of any background check is run a credit report on any prospective tenant . . . ." https://sonoranconservative.com/2017/07/18/help-me-i-need-a-medic/comment-page-1. However, a close examination of that post discloses no direct reference to Plaintiff in the alleged "e-mail blast" to "every landlord," nor does Plaintiff

---

[4] Plaintiff does not assert that general personal jurisdiction is available in this case. "Absent exceptional circumstances, [a] defendant is only subject to the general jurisdiction of the forum state if it is the defendant's domicile." *KMLLC Media, LLC v. Telemetry, Inc.*, No. l:15-cv-432 JCC/JFA, 2015 WL 6506308, at *4 (E.D. Va. Oct. 27, 2015). If not domiciled in the forum state, a defendant may be subject to general jurisdiction only if its "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

8

provide any evidence showing that any landlord even received such an e-mail or that Plaintiff was denied housing in South Carolina based on that post or on any other posts by any Defendant. As a result, this court can only speculate as to whether Defendant Grady even sent the alleged e-mail or whether any person or entity in South Carolina even read the blog posts on which Plaintiff relies. While Plaintiff does allege in his Second Amended Complaint that he has had difficulty in finding housing in South Carolina, he only speculates that some of Defendants' posts contributed to that difficulty and asserts that a "Google Search" of his name would disclose negative information about him. He does not and cannot assert that such a search would only disclose postings by Defendants relating to South Carolina. Many of the items gathered by a Google search of Plaintiff's name would obviously predate Plaintiff's relatively recent move to South Carolina. The remainder of the post stating "that general advice has apparently guaranteed that a guy with two moves in 6 months and a pending lawsuit in Maryland is going to get the brush off," while possibly referring to Plaintiff, is nothing more than a speculative statement of what the poster sees as a possible result of a background check conducted by a landlord. The other posts proposed by Plaintiff as support for personal jurisdiction even less clearly identify Plaintiff as the person discussed and contain no indication that the posters made any effort to avail themselves of conducting activities in South Carolina. *See Shrader v. Biddinger*, 633 F.3d 1235, 1241 (10th Cir. 2011) ("Posting allegedly defamatory comments or information on an internet site does not, without more, subject the poster to personal jurisdiction wherever the posting could be read, and the subject of the posting may reside."). While the other posts by Defendants Hoge, Johnson, and Palmer on which Plaintiff relies do reference Plaintiff's current residence in South Carolina,[5] none directly connects Defendants'

---

[5] It is noted that Plaintiff provides no proof other than his own self-serving statements that "Paul Krendler," the listed name of the poster, is actually Defendant Grady or any of the other Defendants. However, no Defendant specifically denies that he or she is one of the posters. If any

9

activities to South Carolina as opposed to their general accessibility to all states and most countries through the internet.[6] *See Shrader*, 633 F.3d at 1242 (specific personal jurisdiction not established in defamation action based on comments made on internet forum where forum was geographically neutral, was directed at a world-wide audience, and where the plaintiff did not offer the name of a single state resident who received the email from the defendant). Here, as in *Shrader*, Plaintiff has not offered a single name of any South Carolina resident who received the "e-mail blast" allegedly sent by Defendant Grady, nor has he offered anything other than conclusions and speculations about any injury he might have suffered as a result of the landlord-related posts on which he relies for his jurisdictional arguments.

---

Defendant is not one of the posters, this court would not be permitted to even consider the posts in its personal jurisdiction analysis. As the United States Supreme Court has held, "unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." *Helicopteros Nacionales De Colom.*, 466 U.S. at 417.

[6] The Eastern District of Virginia has described the internet, stating,

> [t]he Internet has been accurately described as 'a giant network which interconnects innumerable smaller groups of linked computer networks' and thus is 'a network of networks.' *See ACLU v. Reno,* 929 F. Supp. 824, 830-32 (E.D.Pa.1996), *aff'd,* 521 U.S. 844, 117 S. Ct. 2329, 138 L.Ed.2d 874 (1997) ('No single entity—academic, corporate, governmental, or non-profit-administers the Internet. . . . There is no single centralized storage location, control point, or communications channel for the Internet, and it would not be technically feasible for a single entity to control all of the information conveyed on the Internet.'). It has been likened to a room filled with spiders, the webs of each being so interconnected that the spiders can travel freely throughout the maze of webs. *See* Nature of the Internet <http://www.mathsoft.org/internetnature.htm>.

*Bochan v. La Fontaine*, 68 F. Supp. 2d 692, 695 (E.D. Va. 1999); *see S. Morantz, Inc. v. Hang & Shine Ultrasonics, Inc.*, 79 F. Supp. 2d 537, 543 (E.D. Pa. 1999) ("[t]he construction of the information superhighway does not warrant a departure from the well-worn path of traditional personal jurisdiction analysis.").

Furthermore, there is no proof that any Defendant used a South Carolina internet provider or regularly solicited business in South Carolina. Also, none of the posts on which Plaintiff relies were specifically directed toward South Carolina or to any other state in particular as were the posts discussed and found sufficient to establish personal jurisdiction in Virginia in *Bochan v. LaFontaine*, 68 F. Supp. 2d 692 (E.D. Va. 1999). As the Minnesota Supreme Court held in *Griffis v. Luban*, 646 N.W.2d 527 (Minn. 2002), "[t]he fact that messages posted to the newsgroup could have been read in Alabama, just as they could have been read anywhere in the world, cannot suffice to establish Alabama as the focal point of the defendant's conduct." *Id*. at 536. Here, while there are references to South Carolina and to Plaintiff residing in South Carolina in the posts on which Plaintiff relies and it is clear that the posters were aware that Plaintiff resides in South Carolina, as previously stated, there is nothing in the posts from which it can be determined that they were specifically directed to a South Carolina audience or that they caused any real damage to Plaintiff in South Carolina. Plaintiff's Second Amended Complaint allegations on the topic are, at most, speculative as to any injury suffered from Defendants' South Carolina-related activities. In absence of any other proof directly connecting Defendants to any activity in or connection to South Carolina, Plaintiff has failed to make a prima facie showing that any of the Defendants intentionally directed any of their allegedly defamatory statements to residents of South Carolina or purposely availed themselves of the privilege of conducting activities in South Carolina.

Additionally, Plaintiff fails to show that his alleged injuries directly arose from Defendants' activities in South Carolina because it is just as likely that his asserted damages arose from disparaging statements made about him when he lived in Iowa, Wisconsin, or Maryland, not only because of statements made after he relocated to South Carolina in April of 2017, shortly before he filed this case. Thus, there can be no finding that Defendants purposely availed themselves of

11

conducting activities in South Carolina. Nor can there be a finding that Plaintiff's claims arose from Defendants' limited activities in South Carolina because there is no proof that any South Carolina landlord saw Grady's "e-mail blast" and specifically relied on it to deny housing to Plaintiff. Plaintiff's allegations of injury arising from the alleged e-mail blast or from any of the other quoted blog entries/comments are far too speculative and conclusory for this court to rely on for a finding of personal jurisdiction. *Sonoco*, 877 F. Supp. 2d at 205 (a court considering the issue of personal jurisdiction "need not credit conclusory allegations or draw farfetched inferences."). The second prong of the *Carefirst of Md., Inc. v. Carefirst Pregnancy Centers, Inc.* analysis, 334 F.3d at 397, is not satisfied because Plaintiff fails to show that his claims arise out of Defendants' activities directed at the state.

In sum, even though Plaintiff would prefer to proceed in this court instead of in the states where each Defendant resides, Defendants' conduct and relationship with South Carolina are not so deliberate and substantial that Defendants should reasonably anticipate being haled into court in South Carolina. Defendants have just as strong an interest in litigating in their home state as Plaintiff has in this state. Also, this court's interest in hearing Plaintiff's claims is no stronger than is the interest of the courts in the states where Defendants reside in hearing claims against their citizens. The Due Process Clause protects a defendant against being subject to the binding judgments of a forum with which the defendant "has established no meaningful 'contacts, ties, or relations.' " *Burger King*, 471 U.S. at 471-72 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. at 319). Accordingly, it would be constitutionally unreasonable for this court to exercise personal jurisdiction over Defendants, and this case should be dismissed for lack of personal jurisdiction.

In absence of personal jurisdiction, this court need not address Defendants' other pending Motions as they are now moot.

IV.     Conclusion

Based on the above discussion, the undersigned recommends that Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, ECF No. 45, be granted and the case dismissed. IT IS SO RECOMMENDED.

December 5, 2017                                           Kaymani D. West
Florence, South Carolina                              United States Magistrate Judge

**The parties' attention is directed to the important notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).