# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| William M. Schmalfeldt, Sr., ) | Civil Action No.: 4:17-cv-01310-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Patrick G. Grady, William John ) | |
| Joseph Hoge, III, Eric P. Johnson, ) | |
| and Sarah Palmer, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court for review of the Corrected Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). *See* Corrected R & R [ECF No. 64]. The Magistrate Judge recommends that the Court (1) grant Defendants' motion to dismiss for lack of personal jurisdiction, dismiss this case, and (2) find Defendants' three other pending motions are moot. *Id.* at p. 13.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

No parties have filed objections to the Corrected R & R, and the time for doing so has expired.[1] In the absence of objections to the Corrected R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendations. *See Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

After a thorough review of the record in this case, the Court finds no clear error and therefore adopts and incorporates by reference the Corrected R & R [ECF No. 64] of the Magistrate Judge. Accordingly, the Court **GRANTS** Defendants' motion to dismiss for lack of personal jurisdiction [ECF No. 45] and **DISMISSES** this case *without prejudice*.[2] The Court **DENIES AS MOOT** Defendants' three other pending motions [ECF No. 45] and **FINDS AS MOOT** the Magistrate Judge's original R & R [ECF No. 61].

**IT IS SO ORDERED.**

Florence, South Carolina  
December 28, 2017

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

---

[1] Any objections by Defendants (who are represented by counsel and were served with the R & R electronically) were due December 21, 2017, while any objections by Plaintiff (who is pro se and was served with the R & R by mail) were due December 27, 2017. *See* ECF Nos. 64 & 65.

[2] *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits of the underlying claims." (alteration in original) (citation omitted)).